IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TIFFANY HOUSE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CONRAD COGGESHALL and<br>DAVID E. ORR,<br><br>　　　　　　Defendants. | CV 25-46-M-DWM<br><br><br>ORDER |

On April 2, 2025, Defendant David E. Orr, proceeding *pro se*, removed this matter from the Montana Nineteenth Judicial District Court alleging diversity and federal question jurisdiction. (Doc. 1.) On April 16, 2025, Plaintiff Tiffany House moved to remand this case to state court. (Doc. 3.) That motion is granted in part.

### BACKGROUND

On February 14, 2022, House brought an action to quiet title as to real property located in Lincoln County Montana (the "Property"), (Doc. 1-2), which was transferred by quitclaim deed to Defendant Conrad Coggeshall in 2009, (Doc. 1-2 at ¶ 10; Doc. 6-2). House and Coggeshall divorced in 2012, and their Consent Decree for Dissolution of Marriage found that the Property was "community

1

property" held in joint tenancy, however its "equal division . . . was not feasible due to Coggeshall's criminal behavior and repeated flagrant violations of court orders and contractual promises," thus House "was entitled to the entire net proceeds of the sale of the [P]roperty." (Doc. 1-2 at ¶ 14.) When House attempted to sell the Property in 2020, the title company informed her "that they could not insure free and clear title due to the fact that Coggeshall was still listed as the owner of record." (*Id.* ¶ 16.) Subsequently, a court ordered the Property to be transferred to House. (*Id.* ¶ 17.) In defiance of that order, Coggeshall executed a quitclaim deed to Orr in 2021. (*Id.* ¶ 18.)

In her quiet title suit before the Montana Nineteenth Judicial District Court ("Lincoln County District Court"), summary judgment was granted in House's favor. (Doc. 4-4.) Upon Orr's failure to execute the relevant quitclaim deed to House, the Lincoln County District Court issued an order transferring the real property to House, (Doc. 4-1), which was affirmed by the Montana Supreme Court on September 10, 2024, (Doc. 4-2). Following that decision, House filed a motion to dismiss and for entry of final judgment. (Doc. 4-5.) In response, Orr filed a "motion for relief of orders."[1] (Doc. 4-6.) On February 7, 2025, the Lincoln

---

[1] Orr sought relief as to "1. Findings of Facts, Conclusions of Law and Order 2. Transferring of Real Property 3. Violating Statute of Limitations of Real Property Laws of Montana 4. Violations of Defendants Constitutional Rights Amend V, VII, SIV of the United States & Article II Sections 17, 26 of Montana

County District Court granted House's motion and denied Orr's motion. (Doc. 4-7.) In response, Orr again appealed to the Montana Supreme Court, (Doc. 4-8), and then removed to this Court while his appeal remains ongoing, (Doc. 1).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction[ that] . . . possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of civil actions is authorized by statute:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Courts "strictly construe[]" removal pursuant to § 1441, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and resolve any doubts regarding the propriety of removal in favor of remanding the case to state court, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

---

Constitution 5. Trial by Jury, Due Process of Law & Deprivation of Real Property, Quiet Title Back to Defendant." (Doc. 4-6.)

## ANALYSIS

House argues that Orr's removal is procedurally deficient and that this Court lacks subject matter jurisdiction over the case. As to procedural deficiencies, House asserts that Orr's removal is untimely pursuant to 28 U.S.C. §§ 1446(b)(1), (c)(1), violates the Forum Defendant Rule, 28 U.S.C. § 1441(b)(2), and is improperly sought following final judgment, see *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988). (Doc. 4 at 6–8.) House argues there is no federal subject matter jurisdiction because neither federal question nor diversity jurisdiction is present. (*Id.* at 7.) House also seeks attorney fees pursuant to 28 U.S.C. § 1447(c). (*Id.* at 11.) Orr disagrees. As to procedure, he asserts that removal was timely because House acted in bad faith, which functions as an exception to the timeliness requirement in 28 U.S.C. § 1446(c)(1), and that the Forum Defendant Rule, 28 U.S.C. § 1441(b)(2), is satisfied because there "were no [j]oinders of parties" in this case. (Doc. 6 at 13.) As to subject matter jurisdiction, Orr simply responds that "[t]his has already been answered because it is on the state district court[] docket and is therefore in the defendants favor." (Doc. 6 at 13.) He attached an exhibit titled "Subject Matter Jurisdiction" that lists property values of real property similar to the Property, (*see* Doc. 6-1), presumably to demonstrate that the amount in controversy exceeds $75,000.

4

Orr also states the issues as "[w]hether [s]ummary [j]udgment was proper against" him, "[w]hether . . . House . . . had any right to a claim on the real property" at issue in the Lincoln County District Court, whether House engaged in fraudulent misrepresentation during her and Coggeshall's marriage dissolution in 2012, "[w]hether House broke the [r]eal [p]roperty [l]aws of Arizon and Montana, other laws, stipulations in the marriage dissolution, and Fraud on Courts of both states[,]" and "why Orr's [c]onstitutional [r]ights" of due process and trial by jury "were violated without one single hearing, or stepping one foot in a courtroom, before having" his property "confiscated by the" Lincoln County District Court. (Doc. 6 at 2.) He asserts an argument under "the doctrine of estoppel by laches[,]" (*Id.* at 10), and "requests this case to not be remanded because of a hasty" summary judgment decision. (Doc. 6 at 7.)

Although courts must construe *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a liberal reading of the pleadings cannot create subject matter jurisdiction where none exists. Because House is correct that Orr's removal is procedurally deficient and that this Court lacks subject matter jurisdiction, the above-captioned case is dismissed.

## I. Procedural Requirements

The procedural requirements for removal under 28 U.S.C. § 1441 are set forth in 28 U.S.C. § 1446.

### a. Notice in State Court

To properly remove a case, the defendant must "[p]romptly after the filing of [a] notice of removal of a civil action . . . give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Because Orr did not give such notice here,[2] removal was never properly effectuated.

### b. Timeliness

As to timeliness, a notice of removal must

> be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id.* § 1446(b)(1).

House brought her quiet title action in the Lincoln County District Court in February of 2022, (Doc. 1-2), and Orr was served in May of 2022, (Docs. 6-4, 6-9). Accordingly, there is no question that the 30-day requirement for removal, 28 U.S.C. § 1446(b)(1), was not met here. Indeed, Orr does not address this issue in

---

[2] The Clerk's Office contacted Lincoln County District Court regarding removal documents and the state court file. Lincoln County informed the Clerk's Office that Orr has not filed anything regarding removal in the state court.

his response. Instead, he argues that his removal was timely pursuant to 28 U.S.C. § 1446(c)(1) and because he was initially unaware of statutory removal.

### i. Bad Faith Exception

28 U.S.C. § 1446(c)(1) states that "[a] case may not be removed . . . on the basis of diversity jurisdiction . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). However, Orr has not presented any arguments that House acted in bad faith to prevent him from removing this action. Accordingly, the bad-faith exception does not apply here.

Nonetheless, even if the bad-faith exception did apply, it is well established that a defendant "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1995). Here, Orr has taken numerous actions in state court that manifested his intention for the matter to be adjudicated there. Indeed, as House correctly points out, Lincoln County District Court has already reached final judgment in the case. (Doc. 4 at 5–6.)

### ii. Awareness

Orr points to the words "Reason for Removal" present on the Case Register Report (the "Report") for the quiet title case in the Lincoln County District Court to argue that he was not initially aware that removal was an option for him to pursue. (Doc. 6 at 12.) The portion of the Case Register Report he refers to states:

**Judge History**

| Date | Judge | Reason for Removal |
|---|---|---|
| 2/16/2022 | Cuffe, Matt | Current |

(Doc. 6-9 at 2.) Based on these words, he states that he "was never told or made aware of this[,] . . . just noticed it a short time ago[,]" and "any reasonable person would think that is an important enough factor that the court and judge might share it with everyone involved in the case." (Doc. 6 at 12.) Orr appears to argue that the word "removal" here refers to removal pursuant to 28 U.S.C. § 1441, however it appears to refer to the "removal" of the judge assigned to the case. Indeed, in the portion of the Report above, beneath the word "Date" is the current date as of the time of the Report, beneath the word "Judge" is the name of the judge presiding over the case, and below the words "Reason of Removal" is the word "Current." (Doc. 6-9 at 2.) This indicates that removal in this context does not refer to statutory removal of a case from state to federal court, but to the removal status of a judge assigned to the case. Nevertheless, Orr's newfound awareness of statutory removal does not bear on the procedural soundness of his removal nor on whether

8

this Court has subject matter jurisdiction over this case. Accordingly, Orr's removal was not timely.

### c. Forum Defendant Rule

Pursuant to 28 U.S.C. § 1441(b)(2), removal based on diversity is prohibited when "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Known as the "Forum Defendant Rule," this rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939–40 (9th Cir. 2006). Violation of the Forum Defendant Rule is considered a non-jurisdictional defect, which is waived if a plaintiff does not seek remand on that basis within 30 days of removal. *Id.* at 936, 942; *see* 28 U.S.C. § 1447(c).

Orr is a citizen of Montana, (Doc. 1-2; Doc. 6 at 1), who was properly joined and served, as he concedes service by "a deputy Smith" in April of 2022, (Doc. 6 at 4), and that he was also aware of an "Order for Publication of Summons" dated May 9, 2022, (*id.*; *see* Doc. 6-4). House sought remand 14 days after removal. (Docs. 1, 3, 4.) Accordingly, the Forum Defendant Rule applies here to bar removal based on diversity jurisdiction.

## II. Subject Matter Jurisdiction

Even if Orr's removal was not procedurally deficient, this Court lacks subject matter jurisdiction. A case may only be removed pursuant to 28 U.S.C. § 1441 if the district court has original jurisdiction over the case. Neither federal question jurisdiction nor diversity jurisdiction exists here.

### a. Federal Question Jurisdiction

Federal question jurisdiction provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. Here, the state court complaint presents a quiet title action arising under Montana law, (Doc. 1-2), and although Orr has responded with constitutional claims, (*e.g.*, Doc. 6 at 2), "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer,'" *Provincial Gov't of Marinduque v. Placer Dome Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)). Accordingly, this Court does not have jurisdiction over the above-captioned case based on a federal question.

### b. Diversity Jurisdiction

Diversity jurisdiction requires complete diversity and an amount in controversy of at least $75,000. 28 U.S. Code § 1332. As is explained above, the

Forum Defendant Rule applies here to prohibit removal based solely on diversity jurisdiction.

### III. Attorney Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). District courts have wide discretion in deciding to award fees, *id.* at 139, and "appear to take into consideration a litigant's *pro se* status in declining to award attorney's fees or reducing an award," *Concetta Manzano S. v. Wilmington Tr. Nat'l Assoc.*, 2023 WL 3910350, at *3 (C.D. Cal. May 24, 2023) (collecting cases). Nevertheless, an award of fees may still be appropriate if the *pro se* litigant acted in bad faith. *Id.*

House seeks attorney fees here because Orr's "removal is objectively unreasonable for multiple independent reasons: it is untimely by years, barred by the Forum Defendant Rule, lacks subject matter jurisdiction, and improperly seeks to remove a case after final judgment." (Doc. 4 at 9.) Although House is correct that Orr lacked an objectively reasonable basis for removal here, Orr is proceeding

11

*pro se* and there is no indication that he has acted in bad faith. Indeed, Orr appears to misunderstand removal generally, (Doc. 6 at 12), and appears to view it as a form of appeal, (*id.* at 7). Accordingly, attorney fees are not awarded.

### CONCLUSION

Because Orr's removal was procedurally improper, the case cannot be "remanded" to the state court. Nevertheless, in the absence of proper removal or subject matter jurisdiction,

IT IS ORDERED that House's motion to remand, (Doc. 3), is GRANTED insofar as this matter is DISMISSED. The Clerk is directed to enter an order of dismissal and send the case file, including any documents received from Lincoln County District Court, to the state court.

DATED this 15th day of July, 2025.

Donald W. Molloy, District Judge
United States District Court